# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CHARLES SHOPE,**
**Claimant Below, Petitioner**

**FILED**

**February 3, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 16-0162** (BOR Appeal No. 2050640)
            (Claim No. 2013029774)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Shope, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 20, 2016, in which the Board reversed a June 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 22, 2014, decision granting a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shope sustained a fracture to his first, second, and third metatarsal bones on May 5, 2013, when a metal plate weighing over 600 pounds fell on his right foot. Mr. Shope underwent surgery on September 9, 2013, where an open reduction and internal fixation of the metatarsal bones was done with bone morphogenetic protein. Mr. Shope has undergone three independent medical evaluations to evaluate the degree of permanent impairment arising from the injury.

1

On May 6, 2014, Marsha Lee Bailey, M.D., performed an independent medical evaluation in which she reported that Mr. Shope had reached maximum medical improvement. Dr. Bailey opined that Mr. Shope's complaints of pain in his right ankle were partially a result of his degenerative joint disease. Additionally, Dr. Bailey believed that his complaint of numbness in his toes was attributable to his peripheral vascular disease and a result of long-time cigarette smoking. Dr. Bailey recommended 0% impairment because she felt that Mr. Shope did not fall into any of the models used to assign an impairment rating to individuals with lower extremity impairment. Based on Dr. Bailey's recommendation, the claims administrator granted a 0% permanent partial disability award on May 22, 2014.

On August 6, 2014, Bruce Guberman, M.D., evaluated Mr. Shope. Dr. Guberman noted that Mr. Shope had range of motion deficits in the right ankle, hindfoot, and toes. He recommended 3% whole person impairment for the right ankle. He also recommended 1% whole person impairment for the hindfoot and 1% for the toes, for a combined total of 5% whole person impairment. Finally, on February 20, 2015, Prasadarao Mukkamala, M.D., evaluated Mr. Shope. He noted that Mr. Shope had range of motion deficits in the hindfoot and toes. Dr. Mukkamala determined that both of Mr. Shope's ankles had the same range of motion and did not recommend any impairment for the right ankle. He did, however, recommend 1% whole person impairment for the hindfoot and 1% for the toes, for a combined total of 2% whole person impairment.

On June 22, 2015, the Office of Judges reversed the claims administrator's decision. The Office of Judges determined that Dr. Bailey's report was less reliable than those of Dr. Guberman and Dr. Mukkamala because she rendered no explanation as to why Mr. Shope did not fit into any of the 13 models that may be used to assign a lower extremity impairment rating. The Office of Judges was concerned about Dr. Bailey's recommendation of no impairment and was perplexed at how a six-hundred pound metal plate could land on one's foot but yet not result in impairment. Dr. Bailey attributed Mr. Shope's complaints to pre-existing conditions but neither Dr. Guberman nor Dr. Mukkamala apportioned for any such conditions. Because Dr. Bailey's report was unreliable, the reports of Dr. Guberman and Dr. Mukkamala were used. Both doctors recommended 1% whole person impairment for the hindfoot and 1% whole person impairment for the toes. The Office of Judges determined that the hindfoot was not included in the compensable injury and therefore granted a 1% permanent partial disability award for the toes.

The Board of Review adopted the findings of fact of the Office of Judges. However, it found that the conclusions and analysis of the Office of Judges were wrong in view of the reliable, probative, and substantial evidence on the whole record. Both Dr. Guberman and Dr. Mukkamala were consistent in finding 1% whole person impairment for the hindfoot and 1% whole person impairment for the toes. The Board of Review granted a 2% permanent partial disability award in light of the preponderance of the evidence.

We agree with the reasoning and conclusions of the Board of Review. The compensable injury was for fracture of the metatarsal bones. Both Dr. Guberman and Dr. Mukkamala found

the same range of motion deficit for the hindfoot and toes. A 2% permanent partial disability award is supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker